NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3134

SALVATORE AURELIO;
KATHLEEN AURELIO,

Appellants

v.

BOARD OF EDUCATION OF THE BOROUGH OF CARTERET;
KEVIN AHEARN, Superintendent in his Official Capacity
and Individual Capacities; KATHY SKOBO, Assistant Superintendent,
in her
Official Capacity and Individual Capacity;
DENNIS CHEREPSKI, President; FRED GERSTLER, Vice-President;
LARRY ALEKSANDRICH; JAMES FRUSCELLA; CHRISTOPHER FIORE;
DONNA KENNEY; DENISE SANFILIPPO; MARY ROSE AMISTAD;
GREG SETAR, Individually and in their Official
Capacities as Board Members

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 06-03146)
Honorable Jose L. Linares, District Judge

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2010

BEFORE:  MCKEE, BARRY, and GREENBERG, Circuit Judges

(Filed:  April 6, 2010 )

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal brought by plaintiffs-appellants Salvatore and Kathleen Aurelio from an order of the District Court entered on June 23, 2009, granting summary judgment to defendants-appellees Board of Education of the Borough of Carteret, in Middlesex County, New Jersey, the members of the Board of Education, and certain school officers. The action arose out of a chance encounter at the Columbus School, a public school in Carteret, between Salvatore Aurelio, a maintenance worker at the school, and Allyson Thompson, a teacher at the school. The encounter led to a dispute that was related to an effort by the Carteret Education Association to apply in practice a "work to rule" policy that sought to enforce the terms of its contract with the Board of Education strictly with respect to the employees' starting time for performance of their duties. Inasmuch as the District Court in its opinion granting summary judgment described the dispute in detail, we need not repeat what it said. Rather, it is sufficient to note that this chance encounter has led to state and federal litigation as well as administrative proceedings before the New Jersey Public Employment Relations Commission concerning unfair labor practices and arbitration of a grievance that the Carteret Education Association filed on behalf of Salvatore Aurelio.

In this federal litigation Salvatore Aurelio sought relief pursuant to 42 U.S.C. §

1983 and the Due Process Clause of the Fourteenth Amendment and both Aurelios sought relief under the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. (West 2002). The Aurelios charged that appellees acted unlawfully in disciplining Salvatore Aurelio by changing his working hours, improperly investigating him, and not renewing Kathleen Aurelio's contract as a para-professional at the Columbus School. The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and, inasmuch as the District Court entered a final judgment, we have jurisdiction under 28 U.S.C. § 1291.

On this appeal the Aurelios contend that the District Court erred in granting summary judgment to appellees because "there were clearly genuine issues of material fact in dispute" and the Court "made numerous findings of fact that were clearly in the jury['s] province." Appellants' br. at 13. Salvatore Aurelio also contends that the District Court erred in denying him the benefit of an inference in his favor on account of spoliation for which he believes appellees were responsible or at least chargeable. We believe that Salvatore Aurelio is raising the spoliation issue because he is of the view that the inference that he seeks to be drawn would defeat appellees' motion for summary judgment. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 110 (2d Cir. 2001). Substantively, Salvatore Aurelio argues that the Court erred in rejecting his due process claim and both Aurelios contend that the Court erred in rejecting their claims under the Law Against Discrimination. We are exercising plenary review on this appeal,

3

see Startzell v. City of Philadelphia, 533 F.3d 183, 192 (3d Cir. 2008), except that on the spoliation issue we are exercising an abuse of discretion standard of review because the District Court used its discretion in considering that issue. See In re Hechinger Inv. Co., 489 F.3d 568, 574 (3d Cir. 2007).

We will affirm substantively for the reasons that the District Court set forth in its comprehensive opinion granting appellees summary judgment and rejecting the spoliation claim but add the following. Even though it granted appellees summary judgment the District Court recognized that there were disputes of fact between the parties, a view of the case that we share. Moreover, we acknowledge that in some circumstances these disputes might be important. For example, there is a dispute concerning what Salvatore Aurelio and Thompson said at their encounter underlying this litigation. Nevertheless, in considering the factual disputes we recognize that a dispute of fact is material to a court considering a motion for summary judgment only in the context of the particular claim that the court is considering. Here the disputes of fact were not material as the Court adjudicated the matter through the application of legal principles predicated on facts that could not be disputed. Inasmuch as we conclude that the Court reached the correct legal result we are constrained to affirm the order for summary judgment.

As we have indicated, the District Court exercised its discretion in rejecting the spoliation claim and thus we review its disposition of that claim on an abuse of discretion basis. As we recently have reiterated, "a district court abuses its discretion if its decision

rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). Taking into account the incorporated standards of review within the abuse of discretion standard, we are satisfied that the District Court did not abuse its discretion in rejecting the spoliation claim.

For the foregoing reasons the order of June 23, 2009, granting summary judgment and rejecting Salvatore Aurelio's spoliation claim, will be affirmed.